101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rufus JONES, Plaintiff-Appellant,
v.
BAUSCH & LOMB INCORPORATED, Defendant-Appellee.
 No. 95-7978.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: RUFUS JONES, PRO SE, ROCHESTER, NEW YORK
 APPEARING FOR APPELLEE: DAVID ROTHENBERG, ESQ., GEIGER & ROTHENBERG, ROCHESTER, NEW YORK
 Before WALKER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York (Telesca, Chief Judge ), and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellant Rufus Jones, who is proceeding pro se, appeals from an October 10, 1995 judgment of the district court granting defendant-appellee's motion for summary judgment and denying his cross-motion for summary judgment. In August 1994, Jones filed a complaint pursuant to 42 U.S.C. § 2000e-16 (Title VII) and the Americans with Disabilities Act ("ADA") alleging that Bausch & Lomb discriminated against him because he is 1) an African-American, 2) allergic to "Loctite Glue," and 3) in retaliation for filing a complaint with Equal Employment Opportunity Commission ("EEOC"). Specifically, Jones claimed that Bausch & Lomb paid him less than other "CNC" operators, denied him promotions, failed to train him properly, demoted him to machine operator, and eventually fired him. He also claims that, after he was demoted, Bausch & Lomb failed to provide him with reasonable accommodations in response to his allergy to Loctite Glue.
 
 
 4
 We review the district court's grant of summary judgment de novo to determine whether a genuine issue of material fact exists and whether the district court correctly applied the law. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849. We agree with the district court's thorough, well-reasoned opinion that plaintiff has not presented a triable issue of material fact in connection with any of his claims. With respect to his discrimination claim, we point out that between June 30, 1986 and April 7, 1994 plaintiff 1) received six out of ten "below expectations" evaluations; 2) was suspended four times, twice for poor attendance and twice for insubordination; 3) received warnings about his failure to comply with quality control requirements; 4) failed to learn to operate the "Inside Anger Machine"; and 5) threatened a female co-employee and was removed by a security guard the day before he was fired.
 
 
 5
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.